## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

VICTORIA SUTTON,

                Plaintiff,

vs.

PATRICIA MCCOY, ALLEN
MCCOY, TERESA MCCOY, STEVE
MCCOY, SHEILA NICOLE
MCCOY, AND JENNIFER NICOLE
MCCOY

                Defendants.

Case No. 4:19-CV-148-MHC

### SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement is made by and between the Parties in this

Lawsuit: Defendants PATRICIA MCCOY, ALLEN MCCOY, TERESA MCCOY,

SHEILA NICOLE MCCOY, JENNIFER NICOLE MCCOY (collectively "The

McCoys" or "Defendants"),[1] by and through their undersigned Counsel; and

Plaintiff VICTORIA SUTTON ("Ms. Sutton" or "Plaintiff"), by and through her

undersigned Counsel.

---

[1] Defendant STEVE MCCOY has passed.

## RECITALS

WHEREAS, commencing on or around September 30, 2018, Ms. Sutton alleges that she was evicted from her home at 226 Hensley Road SE, Adairsville, Georgia, by property owners Patricia and Allen McCoy for inviting an African-American family to her home.

WHEREAS, Ms. Sutton filed an action against Patricia and Allen McCoy on July 10, 2019, in the United States District for the Northern District of Georgia, entitled *Victoria Sutton v. Patricia McCoy, et al., Case No. 4:19-CV-148-MHC* (the "Lawsuit"), alleging violations of the Civil Rights Act, 42 U.S.C. §§ 1981 and 1982; the Fair Housing Act, 42 U.S.C. §§ 3604 and 3617; and the Georgia Fair Housing Act, Ga. Code Ann., §§ 8-3-202 and 8-3-222, as a result of Patricia and Allen McCoy's alleged discriminatory conduct;

WHEREAS, Ms. Sutton filed an Amended Complaint on September 27, 2019, adding Defendants Teresa, Steve, Sheila, and Jennifer McCoy, alleging Patricia and Allen McCoy had conveyed various real property to their family members—the additional aforementioned Defendants—to shield those properties in anticipation of a judgment against them in this Lawsuit;

WHEREAS, the Parties agree that there is substantial evidence demonstrating that Ms. Sutton and her family were evicted from the home she

2

rented from Patricia and Allen McCoy because of the race of the family Ms. Sutton invited to the home at 226 Hensley Road SE, Adairsville, Georgia;

WHEREAS, it is the desire of the Parties to resolve all disputes between and among them and to settle the Lawsuit;

WHEREAS, the framework presented in this Settlement Agreement is intended to serve the Parties' mutual goals of achieving a fair and simple settlement process, including Ms. Sutton's goal of having Defendants Patricia and Allen McCoy acknowledge and apologize for their discriminatory actions forming the basis of Ms. Sutton's civil rights and fair housing claims, and encouraging Defendants to provide Ms. Sutton, her children and her counsel with a monetary settlement of $150,000, rather than real property.  The framework of this settlement is also meant to encourage Defendants to sell their property at a reasonable rate within a reasonable time frame, and to provide Defendants with the ability to retain some of their real property.

NOW, THEREFORE, in consideration of the promises and mutual covenants herein contained, and other good and valuable consideration passing between the Parties, the receipt and sufficiency of which consideration is hereby acknowledged, and intending to be legally bound hereby, it is agreed as follows:

3

1. **RECITALS**. The recitals stated above are hereby incorporated and made a part of this Agreement.

2. **DECLARATORY RELIEF**. In reaching an amicable resolution in the Lawsuit and in further consideration for the execution of this Agreement, including the dismissal of this Action, Defendants agree to the following:

   (a) Patricia and Allen McCoy admit to making the statements attributed to them in Ms. Sutton's First Amended Complaint;

   (b) Patricia and Allen McCoy apologize for any harm and suffering Ms. Sutton and her family endured as the result of their eviction from the home located at 226 Hensley Road SE, Adairsville, Georgia;

   (c) Patricia and Allen McCoy admit that their eviction of Ms. Sutton and her family from the home located at 226 Hensley Road SE, Adairsville, Georgia, constituted a violation of the Civil Rights Act, 42 U.S.C. §§ 1981 and 1982; the Fair Housing Act, 42 U.S.C. §§ 3604 and 3617; and the Georgia Fair Housing Act, Ga. Code Ann., §§ 8-3-202 and 8-3-222.

3. **SETTLEMENT PAYMENT.** In full and complete satisfaction of Plaintiff's claims against Defendants, and in consideration for Plaintiff and

4

her undersigned Counsel executing this Agreement and complying with its terms:

(a) Defendants will pay to Plaintiff the sum of $150,000, inclusive of attorneys' fees and costs. The Parties agree that no part of this amount is for wages. Defendants shall pay the $150,000 total amount as set forth below:

    i. One check made payable to "Victoria Sutton" in the amount of $150,000. Said check will be delivered to Plaintiff's Counsel at Cohen Milstein Sellers & Toll PLLC, 1100 New York Ave., Washington, DC 20005, attention: Brian Corman, on or before the date that occurs six months following the filing of this Settlement Agreement.

    ii. As consideration of the execution of this Settlement Agreement, $10,000 of the $150,000 paid to Plaintiff shall go to Plaintiff's minor children, and Plaintiff and her minor children agree to indemnify and hold harmless the Defendants from any claim or cause of action asserted by Plaintiff's minor children arising from the facts giving rise to the claims and causes of action in this Lawsuit.

5

(b) In the event the Defendants cannot or will not pay the sum of $150,000 to Plaintiff within six months following the filing of this Settlement Agreement, the Defendants shall convey to Plaintiff, on or before the date that occurs six months following the filing of the Settlement Agreement in this Lawsuit, all of the properties with the following addresses:

    i.  1384 Fire Tower Road, Fairmount, Georgia 30109 (Parcel No. 128 028);

    ii.  214 Hensley Road SE, Adairsville, Georgia 30103 (Lot 33 of the Oothcalooga Subdivision; Plat No. 3 of the Oothcalooga Subdivision prepared by R.E. Smith, Surveyor, dated July 12, 1958, and recorded in the Office of the Clerk of Superior Court of Gordon County, Georgia; in Plat Book No. 2, page 295);

    iii.  226 Hensley Road SE, Adairsville, Georgia 30103 (Lot 34 of the Oothcalooga Subdivision; Plat No. 3 of the Oothcalooga Subdivision prepared by R.E. Smith, Surveyor, dated July 12, 1958, and recorded in the Office of the Clerk of Superior Court of Gordon County, Georgia; in Plat Book No. 2, page 295);

iv.  234 Hensley Road SE, Adairsville, Georgia 30103 (Lot 35 of the Oothcalooga Subdivision; Plat No. 3 of the Oothcalooga Subdivision prepared by R.E. Smith, Surveyor, dated July 12, 1958, and recorded in the Office of the Clerk of Superior Court of Gordon County, Georgia; in Plat Book No. 2, page 295);

v.  334 Hensley Road SE, Adairsville, Georgia 30103 (Lots 36 and 37 of the Oothcalooga Subdivision; Plat No. 3 of the Oothcalooga Subdivision prepared by R.E. Smith, Surveyor, dated July 12, 1958, and recorded in the Office of the Clerk of Superior Court of Gordon County, Georgia; in Plat Book No. 2, page 295); and

vi.  330 Hensley Road SE, Adairsville, Georgia 30103 (Lots 39, 40, 41, 42 of the Oothcalooga Subdivision; Plat No. 3 of the Oothcalooga Subdivision prepared by R.E. Smith, Surveyor, dated July 12, 1958, and recorded in the Office of the Clerk of Superior Court of Gordon County, Georgia; in Plat Book No. 2, page 295).

(c) In the event Defendants cannot or will not pay the sum of $150,000 to Plaintiff and instead conveys the properties described in Paragraph

3(b), the properties conveyed shall be inclusive of any attorneys' fees paid to Plaintiff's Counsel, as attorneys' fees have been agreed upon between Plaintiff and her Counsel through a separate agreement.

(d) In the event Defendants cannot or will not pay the sum of $150,000 to Plaintiff and instead conveys the properties described in Paragraph 3(b), any damage that occurs to said properties from November 19, 2019 to the time of conveyance entitles Plaintiff to claims against the Defendants for property damage, as if the property had belonged to Plaintiff from November 19, 2019 to present. By December 6, 2019, photographs shall be taken of the entirety of all the above-described properties, including the outside of every structure located on the properties and every room in every structure located on the properties, and provided to Ms. Sutton's undersigned Counsel.

(e) In the event Defendants cannot or will not pay the sum of $150,000 to Plaintiff and instead conveys the properties described in Paragraph 3(b), as consideration of the execution of this Settlement Agreement, $1,000 shall be paid to Plaintiff's minor children, and Plaintiff and her minor children agree to indemnify and hold harmless the Defendants from any claim or cause of action asserted by Plaintiff's minor

8

children arising from the facts giving rise to the claims and causes of action in this Lawsuit.  This payment shall be made with a check for $1,000 payable to "Victoria Sutton," delivered to Plaintiff's Counsel at Cohen Milstein Sellers & Toll PLLC, 1100 New York Ave., Washington, DC 20005, attention: Brian Corman, on or before the date that occurs six months following the filing of this Settlement Agreement.

(f) The Defendants may sell or use as collateral for a loan any of the properties in Paragraph 3(b) in order to accumulate the total sum of $150,000 needed to settle this Lawsuit. However, the Defendants shall not convey, sell, or use as collateral for a loan any of the above-described properties unless doing so will result in the total accumulation of at least $150,000, $150,000 of which shall be paid to Plaintiff, as described in Paragraph 3(a).

(g) If the Defendants sell or use as collateral for a loan any of the properties described in Paragraph 3(b) and do not accumulate the total sum of $150,000 needed to settle this Lawsuit, the Defendants shall be in violation of this Settlement Agreement. In such event, the Defendants shall pay Plaintiff the sum total of the proceeds of all sales

9

and loans of any of the properties described in Paragraph 3(b) and, in addition, shall convey: 1) all the remaining above-described properties that have not been sold and 2) the property and structures located at 173 Caneater Circle NE, Calhoun, Georgia 30701, free of any debts, encumbrances, tenants, or inhabitants, to Plaintiff on or before the date that occurs six months following the filing of the Settlement Agreement in this Lawsuit.

(h) Upon entry of this Settlement Agreement, Defendants' Counsel shall record a judgment lien against the properties whose addresses are provided in Paragraphs 3(b) and 3(f), which shall attach to the legal title of the properties.

4. **TAXES**. Plaintiff shall be solely responsible for, and is legally bound to make payment of, any taxes determined to be due and owing (including penalties and interest related thereto) by them to any federal, state, local or regional taxing authority as a result of this Agreement.

5. **DISMISSAL OF LAWSUIT**.  Within ten (10) business days of Defendants' satisfaction of the terms of this Settlement Agreement, the Parties will execute a Joint Stipulation of Dismissal with Prejudice, which will be filed with the Court by Plaintiff's Counsel. The Joint Stipulation of

Dismissal with Prejudice shall be accompanied by a Proposed Order of Dismissal with Retained Jurisdiction, stating that the United States District Court for the Northern District of Georgia shall retain jurisdiction to enforce any outstanding terms of the Settlement Agreement.

6. **RELEASE OF CLAIMS BY PLAINTIFF AND COUNSEL.** The Joint Stipulation of Dismissal with Prejudice filed with the Court shall represent a full release of all claims made by Plaintiff in her First Amended Complaint, and of any potential claims made by Plaintiff's children based on the facts giving rise to this Lawsuit.

7. **ENFORCEMENT OF AGREEMENT.** Nothing in this Settlement Agreement shall be construed as, or constitute, a release of any Party's rights to enforce the terms of this Settlement Agreement. The Parties agree that this Settlement Agreement may be disclosed and is admissible in any action or legal proceeding to show the existence of the Settlement Agreement and/or to enforce the Settlement Agreement or to defend a claim that is, or appears to be, in violation of this Settlement Agreement.

8. **AGREEMENT IS LEGALLY BINDING.** This Settlement Agreement will be binding upon and will inure to the benefit of the signatories hereto and

11

their respective successors, assigns, executors, administrators, heirs, and

estates.

9. **ENTIRE AGREEMENT**. This Settlement Agreement constitutes the entire

agreement and understanding of the Parties and supersedes all prior

negotiations and/or agreements, proposed or otherwise, written or oral,

concerning the subject matter hereof. Furthermore, no modification of this

Settlement Agreement shall be binding unless in writing and signed by each

of the parties hereto.

10. **GOVERNING LAW AND CHOICE OF FORUM**. This Settlement

Agreement, and the Parties' performance herein, shall be governed by,

construed, interpreted, and enforced in accordance with federal and state

laws. Any action to enforce this Settlement Agreement shall be brought only

in a proper state or federal court within the State of Georgia.

11. **INTERPRETATION**. Should any provision of this Settlement Agreement

be declared or be determined by any court to be illegal or invalid, the

validity of the remaining parts, terms or provisions shall not be affected

thereby and said illegal or invalid part, term, or provision shall be deemed

not to be a part of this Settlement Agreement. The headings within this

Settlement Agreement are purely for convenience and are not to be used as an aid in interpretation.

12. **COUNTERPARTS**. This Settlement Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Each signatory to the Settlement Agreement may execute this Agreement by telefax or by e-mail, which shall have the same force and effect as if executed on an original copy.

13. **FACSIMILE/ELECTRONIC SIGNATURES**. Execution delivered by facsimile or electronic mail shall be deemed effective as if executed in original.

14. **DRAFTING**. It is the intent of the Parties that no part of this Settlement Agreement is to be presumptively construed either against or in favor of any Party because of the identity of the drafter, as all Parties agree that they, by their respective Counsel, have participated in the drafting of this Settlement Agreement.

15. **FURTHER ASSURANCES**. Upon execution of this Settlement Agreement, each Party shall execute such other and further instruments and

take such other action as reasonably may be required to effectuate the terms and spirit of this Settlement Agreement.

16. **RELIANCE ON OWN COUNSEL**. In entering into this Settlement Agreement, the Parties acknowledge that they have relied upon the legal advice of their respective Counsel, who are the attorneys of their own choosing, that such terms are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by the other Party. The Parties represent that they freely and voluntarily entered into this settlement on their own behalf, in the exercise of their own free act, deed and will, relying on their own judgment, free of any duress or coercion, and that they realize that this Settlement Agreement is final and conclusive.

17. **AUTHORITY TO EXECUTE AGREEMENT**. Each Party warrants and represents that the person signing this Settlement Agreement on its behalf has authority to bind that Party and that the Party's execution of this Settlement Agreement is not in violation of any by-law, covenants, and/or other restrictions placed upon them by their respective entities, if any.

14

IN WITNESS WHEREOF, the undersigned, intending to be legally bound, have executed this Agreement, effective upon the date when this Agreement becomes executed by all the undersigned.

DATED: December 23, 2019,        VICTORIA SUTTON

_Victoria Sutton_
(signature)

_Victoria Sutton_
(print name)

DATED: December 26, 2019,        PATRICIA MCCOY

_Patricia McCoy_
(signature)

_Patricia McCoy_
(print name)

DATED: December 26, 2019,        ALLEN MCCOY

_Allen McCoy_
(signature)

_Allen McCoy_
(print name)

DATED: December 26, 2019,        TERESA MCCOY

15

_(signature)_

Teressa DAY McCoy
_(print name)_

DATED: December 26 , 2019,   **SHEILA MCCOY**

_(signature)_

Sheila McCoy
_(print name)_

DATED: December 26 , 2019,   **JENNIFER MCCOY**

_(signature)_

Jennifer McCoy
_(print name)_

**AGREED AND APPROVED:**

**Attorneys for Plaintiffs**

Brian Corman
Cohen Milstein Sellers & Toll PLLC

Kalpana Kotagal
Cohen Milstein Sellers & Toll PLLC

16

Kosha S. Tucker, on behalf of the
American Civil Liberties Union Foundation of Georgia


**Attorney for Defendants**

L. Hugh Kemp


So ordered and adjudged this _____ day of _____, 2019.


Judge Mark H. Cohen

United States District Court Judge

17